IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MARIE COLLINS<br>JASON ROBERT COLLINS<br>　　　　　　Debtor | BANKRUPTCY CASE NO.<br>2019-14224-JKF<br><br>CHAPTER 7<br><br>FILING DATE: 7/2/2019 |

## ANSWER TO DEBTORS' MOTION FOR RECONSIDERATION AND FOR OTHER RELIEF

Respondent/Creditor Jennifer A. Menges ("Menges") herein Answers Debtors' Motion for Reconsideration and for other relief and she respectfully avers the following:

1.　　Denied. The Order of Dismissal in this matter was dated July 31, 2019 and appears on the docket at Item 18. It is marked "Entered 07/31/19." It is denied that the Order was entered on the docket on any other date, in particular August 3, 2019.

2.　　It is admitted that a copy of the docket as of August 12 is attached as Exhibit "B" to Debtors' Motion.

3.　　Respondent has no information concerning any *ex parte* communications between counsel for Debtors and Bankruptcy Trustee Gary F. Seitz. Nor has Respondent Menges any information relating to email exchanges which did not include her.

4.　　Denied as stated. There is no document entitled "Atty Disclosure Statement" reflected on the docket for July 2, 2019. There is a "Disclosure of Compensation of Attorney" on that date.

5.　　It is denied that Debtor Deborah Marie Collins ("Collins") is entitled to a bankruptcy discharge. Strict proof is demanded. To the contrary, Respondent Menges, who is the sister of Debtor Collins, believes and therefore respectfully avers that the principal

motivating factor in the bankruptcy filing by Collins is a $50,000 judicial lien entered in the Court of Common Pleas of Montgomery County, Pennsylvania against Collins as a consequence and direct result of a serious physical assault upon Menges by Collins.  As a result of the assault, Collins was criminally charged in Bucks County and pled guilty to Assault.  Because Ms. Collins caused a willful and malicious injury to Menges resulting in a $50,000 debt, 11 U.S.C. § 523(a)(6) precludes a discharge.

More particularly, on September 30, 2017, at approximately 7:00 PM Menges and Collins were guests at a social event at the home of one Marylou McNevin, a family relative, 2 Franklin Street, Fallsington, Bucks County, Pennsylvania.  At that time and place, Collins instigated a verbal dispute with Menges while inside the living room of Ms. McNevin's home.  Shortly thereafter, as Menges was walking across the front yard of the McNevin property, Collins viciously and maliciously tackled Menges from behind.  Menges fell forward to a prone position on the ground, gasping for breath.  Menges felt immediate and significant pain to her right knee and could not rise from the ground.  Collins then began to grab at Menges' neck and back while she was laying on top of Menges.  Thereafter, Collins was forcibly removed from her position on top of Menges.  The assault and battery action by Collins was unprovoked, malicious and outrageous.  Collins acted with malice and intended to cause material injury to Menges.  As a consequence of the unprovoked civil assault and battery identified above, Menges has suffered severe and personal injuries including but not limited to the following:

    (a)    A complete tear of anterior cruciate ligament of right knee, S83.511A Primary.

    (b)    Other tear of medial meniscus of right knee as current injury, S83.241A.

    (c)    Other tear of lateral meniscus of right knee, S83.281A.

        (d)       Effusion of right knee, M25.461.

Menges and Collins are involved in a partition lawsuit arising out of real property at 18 Roboda Boulevard, Royersford, Pennsylvania (the "Property"), which was deeded to them by their mother. Collins, who is apparently unemployed, has been occupying the Property for approximately two years without paying any rent to Menges. Collins has been systematically damaging the Property by virtue of failing to maintain it. The Homeowners' Association is assessing fees for lack of maintenance. On July 31, 2018, the Montgomery County Court appointed a Master in Partition to sell 18 Roboda Boulevard, see Exhibit "A." On March 22, 2019, the Court confirmed the award of $50,000 against Collins in connection with a personal injury claim at Montgomery County Court of Common Pleas Docket No. 2017-26936. The Court notes "The Award of Arbitrators constitutes a lien on the property." The Order is attached as Exhibit "B." Thereafter, Collins refused to cooperate in connection with a prospective sale of the Property and on April 12, 2019, Collins was ordered to make the Property available for real estate inspection upon three days written notice, See Exhibit "C." Following a second Emergency Motion to Compel Access to the Property, and following Collins' obstruction of the Property, the Court on May 15, 2019 issued an Order directing that Collins "shall receive no proceeds from the sale of the Subject Property, when it is ultimately completed." A copy of this Order is attached as Exhibit "D." Following a subsequent Motion for Relief, Collins was held in Contempt of Court. The Order of June 6, 2019 is attached as Exhibit "E."

Although the bankruptcy filing in this matter took place on July 2, 2019, the Debtors did not inform the Montgomery County Court of the filing. As a consequence, the Court issued an Amended Order on July 16, 2019 authorizing sale of the Property to Menges for

$30,000.  A copy of the Amended Order is attached hereto as Exhibit "F."  When the Court learned of the Automatic Stay, it vacated the Amended Order on July 17, 2019, see Exhibit "G."

The Property is scheduled for a Tax Sale at Montgomery County on September 26, 2019.  Since the Automatic Stay is not in place, the previously approved sale should be authorized.  Menges risks a material loss should the Property be sold at Tax Sale.

In addition, in 2017, Collins filed five Protection from Abuse Claims (PFAs) against Menges, all of which were withdrawn at the scheduled hearing.  Menges believes that the instant bankruptcy matter should be stricken as having been improvidently filed.

6.  Responding Party has no knowledge as to what took place in counsel's office.  Responding Party is aware of Collins' appearances in Court for deposition and otherwise in connection with her pleadings in Montgomery County and criminal charges in Bucks County, Pennsylvania.  It is Menges' respectful opinion that Collins has routinely averred her medical condition as a justification for failing and refusing to comply with Court directives or other legal responsibilities.  Collins has been able, when specifically directed, to appear in Court numerous times in Montgomery County and Bucks County, Pennsylvania.

7.  Responding Party has no knowledge as to actions of Jason Robert Collins.

8.  Respondent has no direct knowledge as to Debtor Collins' physical inability however Collins has repeatedly advised that she is suffering from medical conditions, but then has been able to appear in Court in Montgomery County and Bucks County, Pennsylvania.

9.  Denied.  Page 2 on Exhibit "C" speaks for itself, but no appropriate medical documentation has been provided to the Court.  Strict proof is demanded.

10.  Your Moving Party has no information concerning Ms. Collins' present medical complaints.

11. Denied. Your Answering Party holds a judgment in the amount of $50,000 which is a lien on real property owned by your Moving Party Menges and Debtor Collins. The judgment arises out of a serious willful and malicious physical assault resulting in criminal charges filed against Debtor Collins. Debtor Collins pled guilty and the civil judgment in the amount of $50,000 was ultimately awarded.

12. It is denied that a reasonable accommodation is vacation of the Dismissal Order. The Dismissal Order should not be vacated or disturbed because Debtor Collins is not entitled to bankruptcy protection.

WHEREFORE, Debtors' Request for special relief should be denied.

Respectfully submitted,

BUTERA, BEAUSANG, COHEN & BRENNAN

By: */S/William J. Brennan*
William J. Brennan, Esquire
Attorney I.D. No. 23373
630 Freedom Business Center, Suite 108
King of Prussia, PA 19406
(610) 265-0800
wbrennan@buteralaw.com
*Attorney for Jennifer A. Menges*

## VERIFICATION

I, Jennifer A. Menges, state upon personal knowledge or information and belief that the statements set forth in the Answer to Debtors' Motion for Reconsideration and for Other Relief as prepared by counsel are true.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Dated: 8/23/19

Jennifer A. Menges