## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  **DEBORAH MARIE COLLINS**    :     **Chapter 13**
       **JASON ROBERT COLLINS**     :     **Bky. No. 2019-14224-AMC**

## ORDER GOVERNING PROCEDURES AT EVIDENTIARY HEARING CONDUCTED REMOTELY BY VIDEO CONFERENCE

**AND NOW WHEREAS**, it is necessary and appropriate to conduct an evidentiary hearing in the above case in connection with appraisal valuation of 18 Roboda Blvd., Royersford, PA;

**AND**, the court having **SCHEDULED** a hearing ("the Hearing") on **March 17, 2021, at 1:30 p.m.**;

**AND**, due to the limitations on public gatherings imposed by public health authorities in response to the COVID-19 pandemic, it being impractical to conduct the Hearing in the ordinary course in the courtroom;

**AND**, therefore, there being compelling circumstances justifying conducting the Hearing remotely by video conference pursuant to Fed. R. Bankr. P. 9017 (incorporating Fed. R. Civ. P. 43(a));

**It is therefore ORDERED** that the parties shall comply with the following procedures in connection with the Hearing:

### Pretrial Disclosure Requirements

1. **On or before March 10, 2021**, any party intending to call a witness to testify by video conference ("the Remote Witness") shall file and serve[1] a Remote Witness List setting forth

---

[1]      It is contemplated and preferred that all service required by this Order will be accomplished by e-mail.   However, other means of service are acceptable so long as the document to be

the following:

    a.   the name and title of the Remote Witness;

    b.   a summary of subject matter of the anticipated testimony;

    c.   an e-mail address for the witness;[2]

    d.   the location of the Remote Witness (city, state, country);

    e.   the place from which the Remote Witness will testify (e.g. home, office – no addresses are required);

    f.   whether any other person(s) will be in the room with the Remote Witness during the testimony, and if so, who (name, title and the other person(s)' relationship to the Remote Witness), and the purpose of the other person(s)' presence;

    g.   whether the Remote Witness will have access to any documents other than exhibits included on the Exhibit List required by Paragraph 3 below and, if so, a description of those documents and the reason why they have not been included on the Exhibit List.

2.   **On or before March 10, 2021**, any party intending to offer into evidence in its case in chief or otherwise use at the Hearing any exhibits shall:

    a.   pre-mark each exhibit;

    b.   serve each party who has appeared in the matter(s) being heard at the Hearing with a list of each exhibit ("the Exhibit List");

    c.   serve each party with each pre-marked exhibit on the Exhibit List;[3]

---

served is received within one (1) business day of service.

[2]    The witness' e-mail address provides a means for opposing parties to communicate with the witness (when that is legally permissible) as well as a means for service of exhibits to be used in connection with the witness' examination by opposing counsel during the Hearing.

[3]    If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel.   However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

    d.   deliver the Exhibit List and the exhibits to the court by e-mailing them to the Courtroom Deputy at Joan_Ranieri@paeb.uscourts.gov.

3.   A party that wishes to use an exhibit in connection with the examination or cross-examination of a witness shall serve the witness with each such exhibit (with notice to all other parties) at least 24 hours prior to the Hearing.

4.   If a party anticipates the possibility of offering into evidence or otherwise using exhibits at the Hearing in the party's case in rebuttal:

    a.   On the same date as set forth in Paragraph 2, the party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

    b.   The court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the party seeks to use a rebuttal exhibit at the Hearing.

    c.   If a party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-mailed to all parties participating in the Hearing and the witness.   If appropriate, the court will take a short recess to allow the other parties to review the exhibit.[4]

5.   **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 1-4 MAY RESULT IN THE EXCLUSION OF EVIDENCE OFFERED DURING THE HEARING.**

<u>**Technological and Logistical Protocols**</u>

6.   Any attorney or party or representative of a party wishing to attend the Hearing and participate by video shall notify the Courtroom Deputy at least 72 hours prior to the Hearing

---

[4]     The procedures in Paragraph 3 are included because there are situations in which a party may legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a hearing.   If no such concerns exist, nothing in this Order precludes a party from including rebuttal exhibits on the primary Exhibit List and labeling them as such.

in order to obtain the access information to the Hearing.[5]

7. **EACH PARTY CALLING A WITNESS IS RESPONSIBLE FOR PROVIDING THE ZOOM LINK TO THE WITNESS.**

8. **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE. IT IS STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON THE ZOOM WEBSITE.**

9. When signing into Zoom, each participant shall use their first and last name as their screen name, not an e-mail address or nickname.

10. Counsel and parties must treat the proceeding as if it were in open court so appropriate dress and decorum are required.

11. To reduce the risk of transmission problems with the video or audio during the Hearing, the parties should, when possible, limit themselves to one (1) participating attorney and it is preferable that those persons who do not anticipate addressing the court limit themselves to audio participation. The court reserves the right to limit the attendance of non-litigants and their counsel to receipt of audio.

12. No participant may use a virtual background without Court permission. Any virtual background must be dignified and respectful. The background may not contain any messages or background that is political or that may influence the witness or the proceeding or that is otherwise inappropriate. **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

13. During testimony by a party or witness, no one is permitted to communicate - via text or

---

[5]    An attorney may make the request on behalf of a client or client representative.

chat application or any other means - with the testifying witness except by way of on the record oral questions directed toward that witness.

14. All participants must appear on camera during the entire hearing, whether or not they are speaking, unless the Court directs otherwise.

15. Participants must limit or eliminate possible background distractions.

16. If during the course of the proceeding it becomes necessary for counsel to consult with a client in private, counsel request to be sent to a breakout room for a short time to have a private conversation. However, this Paragraph does not apply when the client is in the midst of testifying.

17. **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON MAY RECORD THE VIDEO OR AUDIO OF THE HEARING.   FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

18. Debtors shall deliver their Appraisal for 18 Roboda Blvd. to counsel for Jennifer Menges on or before March 1, 2021.

**Date:**
  **Date: February 24, 2021**

_____
**Ashely M. Chan**
**U.S. BANKRUPTCY JUDGE**