IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MARIE COLLINS<br>JASON ROBERT COLLINS<br>　　　　Debtors | BANKRUPTCY CASE NO.<br>2019-14224-AMC<br><br>CHAPTER 13 |

## SUPPLEMENTAL MEMORANDUM OF LAW REGARDING VALUATION HEARING

**BACKGROUND.**

The Court conducted a valuation hearing concerning 18 Roboda Blvd., Royersford, Montgomery County, PA on March 17, 2021 (the "Subject Property"). The Subject Property which was paid for by Margaret Zordan is owned by Debtor Deborah Marie Collins and Creditor Jennifer A. Menges in equal shares. The Subject Property is the primary asset in the Bankruptcy proceedings before the Court.

**ARGUMENT.**

**1.　　Creditor Presented Complete and Competent Evidence on Valuation Which Was Not Seriously Contested.**

Creditor's expert valuation witness Richard Zuber identified his extraordinary qualifications, more than 40 years of performing appraisals, his licensure and his history of at least 6,000 residential appraisals completed. He prepared two reports, one prepared as of the date of the filing of the Chapter 7 bankruptcy in this case (July 2, 2019), and a more recent evaluation reflecting the increased value of the Subject Property over time – the more current date was as of January 20, 2021. (See Doc 264, Exhibit 1, Parts a. and b., MENGES 008-0077)

Creditor believes that the most recent valuation is the most appropriate and most accurate valuation for use in these proceedings pursuant to the "dual valuation" method (See Section 4 below).

Mr. Zuber identified numerous, highly reliable comparable sales in presenting his evidence. He was able to do this because the Roboda Development contains 206 residential townhouses of similar shapes and sizes. For example, for the appraisal as of July 2, 2019, Mr. Zuber identified eight comparable Roboda sales. For the appraisal dated as of January 20, 2021, Mr. Zuber identified seven comparable Roboda sales. He made appropriate adjustments and testified clearly and concisely. Current interior and exterior photographs of the Subject Property were evaluated. Mr. Zuber also presented sale photographs from a listing for the Subject Property when it was acquired by Mrs. Zordan in September 2016.

Equally important to the question of the accuracy of his valuations, Mr. Zuber identified the Montgomery County Board of Assessment website, which carefully and reliably identifies and confirms all real estate sales in Montgomery County, Pennsylvania. The two-page Exhibit 3 (Bates 0087-0088) presented by Creditor identifies 61 Roboda sales from September 16, 2016, the date when Debtor received her one-half property interest as a gift from her mother through December 17, 2020. Mr. Zuber testified that after removing the family sales, the average sales price for 53 transactions was approximately $210,000.

The Court recognized and stated that Mr. Zuber's testimony was credible on the issue of valuation.

**2.    Debtor Presented No Affirmative Evidence of Value.**

Despite having the opportunity to do so, and despite having prepared and marked an appraisal exhibit for the hearing, Debtor chose not to introduce <u>any</u> affirmative appraisal evidence into the record at the hearing. Accordingly, Debtor has waived the right to present evidence and there is no affirmative evidence in this record supporting any valuation from Debtor.

Debtor Deborah Collins testified but stated that she had "no idea" of the valuation of the Subject Property. Accordingly, Debtor has waived the right to present affirmative evidence of valuation to this Honorable Court.

In her testimony, Debtor Deborah Collins tried to identify some deficiencies in the Subject Property but did not present a single oral or written estimate of repair by any contractor concerning work <u>required to be done</u>. Nothing more than vague areas where improvements could be made were identified. Photographs of the interior of the Subject Property demonstrate average condition, and Debtor's ambiguous comments to the contrary were unavailing. Debtor's statement that she was unable to pay for repairs was also unavailing where her bankruptcy schedules and income forms show a family gross income of more than $84,000 per annum.[1] If Debtor chooses to spend her money on things other than home repair, she should not derive a benefit from this Court.

### 3. The Number of $149,900 was a Red Herring.

The background and history of the $149,900 temporary listing number is revealing. First of all, Richard Zuber identified a prior, temporary $149,900 listing in each of his two appraisals – See Page Bates 0036 and 0037. After identifying the listing which had expired, the written remarks were as follows:

> "Agent:    Tax Liens and HOA back dues apply. Cash only offers with proof off [sic] funds to accompany all offers; no access for inspections/appraisal. This is "not" a tenant. Court Ordered Special Master is appointed to sell the property. Call Agent for further info. Offers must include proof of funds and certified funds.
>
> "Public:    INVESTOR ALERT: Sale is "sight unseen" with a possible eviction- cash only; there is "no" access to the property or showings prior to the sale. Please do "not" visit the property or access the yard or it may be considered trespassing."

---

[1] Schedule 1, Document No. 107, filed December 1, 2019. Jason Collins' gross income per month $5,166.50. Deborah Collins' gross income per month $1,849. Joint gross annual income $84,186.

3

The Court was accordingly clearly advised of the unique circumstances concerning Debtor's obstruction in the Montgomery County Partition case and the attempts by the Montgomery County Court to sell the Subject Property.  <u>Debtors'</u> own Exhibit 4 expands on this analysis.  Debtors' Exhibit 4 is an Amended Order from the Montgomery County Court dated July 16, 2019 and presented and accepted into evidence as part of Debtors' documents.  The Honorable Joseph A. Smyth of the Montgomery County Court confirms some of the obstructive conduct of Debtor Deborah Collins in the Montgomery County case resulting in the $149,900 listing.  Paragraph 4 and 5 are as follows:

> "4.     On April 12, 2019, the Honorable Bernard A. Moore Ordered Defendant Deborah Collins to provide access to the Property as a result of Collins blocking access;
>
> "5.     On May 15, 2019, the Honorable Emmanuel A. Bertin entered an order requiring Deborah Collins and her family to vacate the Subject Property at the time of the sale.  The May 15, 2019 Order also stated the Deborah Collins shall receive no proceeds from the sale of the Subject Property at the time of closing;"

Paragraph 6 notes:

> "6.     As a result of the condition of the house, Deborah Collins and her family residing in the house without a promise to leave at the time of closing, the property was appropriately listed at a value of One Hundred Forty-Nine Thousand Nine Hundred Dollars ($149,900.00);"

Paragraph 8 notes:

> "8.     Despite listing the property, and as a result of Deborah Collins and her family residing in the house, no offer of fair market offer [sic] was made;"

The Master's Report and Recommendation was adopted by the Court but the action was reversed because of the Bankruptcy filing.  Mr. Zuber testified, and it is abundantly clear, that the $149,900 number in the Partition case constituted <u>no reliable evidence of valuation of the Subject Property</u>.  Nor was the $30,000 offer raised by Debtor in any way reasonable as to

4

valuation. That offer was based upon the Court's Order that Deborah Collins should receive no proceeds from a sale of the Subject Property because of her conduct and it merely approximated the amount of taxes, costs and expenses due at that time.

    **4.**     **Dual Valuation is the Appropriate Method Evaluating the Subject Property in this Case.**

Since the filing of a Chapter 7 Bankruptcy on July 2, 2019, the Subject Property has increased in value significantly from $205,000 to $220,000. It is unfair and unreasonable to allocate or to grant this increase in value solely to Debtor who owns only half of the Subject Property.

In fact, Debtors' pending Chapter 13 Plan proposes a payment to Creditor for one-half of the Subject Property at $50,000 at the end of five years without interest. Debtors accordingly propose to secure for themselves the benefit of the current value of the Subject Property and the benefit of property value increases <u>over five years</u>, all to the detriment of co-owner Menges. The current Plan, as proposed is not feasible because the Bankruptcy Code requires that a Chapter 13 secured creditor shall not receive less than he or she would receive through a sale of the property. Debtors' proposal to take Menges' property interest is not supported by law.

Attached hereto as Exhibit "A" is a letter brief dated February 24, 2021 identifying the dual valuation issue. Creditor also cites *In Re Kennedy*, 177 B.R. 967 (Bankr. S.D. Ala. 1995) where it is stated that the dual valuation rule is the majority view in Chapter 13 cases. Decisions are collected therein.

    **5.**     **With a Fair Appraisal of the Subject Property and for Other Reasons the Proposed Chapter 13 Plan is Not Feasible.**

Creditor Menges is a joint owner of 18 Roboda Blvd. with Debtor Deborah Collins and also holds a State Court Judgment against Deborah Collins for $50,000 based upon an assault

5

and battery. The Judgment is a lien on Collins' interest in the Subject Property.[2] Debtor also claims a double homestead exemption which is not permitted and the Trustee has filed an Objection on this point. Real estate taxes have accrued for more than $30,000. HOA fees of $7,500 are overdue.

Debtors who have resided in the Subject Property without paying rent, and have had exclusive possession since 2016. They propose to pay Menges $50,000 after five years, without interest for her one-half real property interest. This presumes a future financing of the Subject Property five years in the future.

Creditor Menges objects to confirmation. She argues that the Plan improperly takes and devalues her property ownership interest and ignores her property ownership.

As to confirmation of Chapter 13 plans, Section 1325(a) is instructive. It provides in relevant part:

"§ 1325 - Confirmation of plan

(a)  Except as provided in subsection (b), the court shall confirm a plan if – …

   (5)  with respect to each allowed secured claim provided for by the plan – …

      (B)  (i)  the plan provides that—

         (I)  the holder of such claim retain the lien securing such claim until the earlier of –

            (aa)  the payment of the underlying debt determined under nonbankruptcy law; or

            (bb)  discharge under section 1328; and

---

[2] An adversary case is pending in which Debtor Deborah Collins argues that her assault and battery resulting in serious and permanent injury to Menges were accidental, notwithstanding her guilty pleas to two criminal charges which require criminal intent as an element of the offense. Her absurd position even if successful could affect the debt, but should not affect the State Court Judgment lien on the Subject Property.

6

(II)  if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii)  the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and …

(6)  the debtor will be able to make all payments under the plan and to comply with the plan;

(7)  the action of the debtor in filing the petition was in good faith;"

Section 1325(a)(5) is relevant to secured claims, but a co-owner's rights should be superior event to a secured creditor's because actual ownership is constitutionally protected and is stronger than security.  Under § 1325(a)(5)(B), as a secured creditor Menges should retain her legal rights if any Plan is approved until the "debt" is paid.  But again, there is no real estate debt, there is co-ownership.  Ownership cannot be "discharged" like a debt.

Similarly, the Court Judgment lien arising out of the physical assault by Debtor should not be discharged because, among other reasons, the Judgment is "*res judicata*" and the criminal convictions required an admission of criminal intent as a required element.

Add to this the objection of the Trustee to the specious claim of a double homestead exemption, that more than $30,000 is due in unpaid taxes, that $7,500 is due to the HOA and that the Master in Partition has not been paid (approximately $15,000).  Debtors also have substantial income – more than $84,000 per annum gross.

Pursuant to 11 U.S.C. § 363(h) a bankruptcy trustee may sell Menges one-half interest but only if:

"(3)  the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and"

7

provided that one-half of the sale proceeds are distributed to the non-bankrupt one-half owner upon sale.  See § 363(j).

In this case, Menges $50,000 personal injury Judgment with interest, should be paid <u>from Collins' share</u> of the sale proceeds, not from the lump sum realized at closing.

Menges could find no legal authority for a Chapter 13 trustee to take and hold a 50% real estate ownership interest in trust for five years, while awaiting a payout from an uncertain refinancing without interest, and without rent being paid, and then sell it or convey it to a co-debtor, her spouse Jason Collins.

In fact, there is no such authority in the Bankruptcy Code for a Chapter 13 trustee to divest the interest of a co-owner.  In the case of *In re Dahlgren*, 418 B.R. 852, 2009 Bankr. LEXIS 3555** the District Court in New Jersey wrote, in similar circumstances:

> "The Debtor's proposed treatment of the Movant's interest in their mutually owned property is not permitted under Section 1322 and the Debtor has provided no authority to support the proposition that a chapter 13 debtor has the right to divest a joint property owner of her interest in the property and fix that interest as a monetary claim.  The court's own analysis of the issue leads it to conclude that the interest of a co-owner in property may not be divested through a chapter 13 plan.
>
> "Nothing in the Bankruptcy Code vests this right in a chapter 13 debtor. While the trustee may have the right to sell both the interest of the Debtor and the Movant pursuant to Section 363(h) of the Bankruptcy Code, that is not one of the powers transferred to the debtor under Section 1303."

The detriment to Menges referred to in § 363(h)(3) includes loss of the benefits of a State Court Order entered on May 15, 2019 stating that because of her conduct, Collins "shall receive no proceeds from the sale of the Subject Property at the time of closing."

The Plan has been denied once, and then modified twice.  It is pursued for delay and is clearly not feasible.

8

The pending Amended Plan should be denied. It also appears that Debtors are not eligible for Chapter 7 because of income and property ownership. Therefore the Bankruptcy case should be dismissed, and the matter should be returned to the State Court for Partition.

**CONCLUSION.**

Richard Zuber's testimony was clear, direct, precise and credible. Debtor has presented no affirmative evidence of valuation, and the dual valuation theory should control. Accordingly, Creditor requests that the value of the Subject Property be set at $220,000.

Respectfully submitted,

BUTERA, BEAUSANG, COHEN & BRENNAN

By: ***/S/William J. Brennan***
William J. Brennan, Esquire
Attorney I.D. No. 23373
630 Freedom Business Center, Suite 108
King of Prussia, PA 19406
(610) 265-0800
wbrennan@buteralaw.com
*Attorney for Jennifer A. Menges*