IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MARIE COLLINS<br>JASON ROBERT COLLINS<br>Debtors | BANKRUPTCY CASE NO.<br>2019-14224-AMC<br><br>CHAPTER 13 |

### CREDITOR JENNIFER A. MENGES' OBJECTIONS TO CONFIRMATION OF THIRD AMENDED CHAPTER 13 PLAN

Creditor Jennifer A. Menges ("Menges") objects to confirmation of Debtors' Third Amended Chapter 13 Plan for the following reasons:

1. The Plan is not feasible because it proposes payment to the Trustee of $480 per month for 38 months and thereafter proposes an eightfold increase in payments to $3,478 per month for 22 months. There is only rampant speculation about increased income. There is no indication that Debtors will have the capacity to make a payment eight times larger than the original payment after 38 months. The transparent purpose of this proposal is to allow Debtors to live in the property at 18 Roboda Blvd., Royersford (the "Subject Property") for a period of three years and two months before defaulting on their obligations and causing the Plan to then fail. If the Plan fails at that time, Menges will suffer significant financial losses. Therefore the Plan does not have a reasonable likelihood of success and should be denied. *In re Anderson*, 26 B.R. 628 (S.D. Ohio 1982)

2. The Plan is not feasible because there is no reasonable way for the Court to provide adequate protection to Menges' interest in the Subject Property for a period of five years. There is no way to compel Debtors to perform necessary maintenance and make repairs, which may require structural reconstruction or other expensive work. There is no reasonable way to

assure compliance with the obligation to pay for homeowners' insurance and fire, casualty and liability insurance coverage.

3. The Plan is not feasible because it does not adequately deal with real estate taxes. The amount due to the Montgomery County Tax Claim Bureau as of September 28, 2021 is $31,332.64. In paragraph 4(c), the Plan takes into account only $10,083.58 of the claim by Montgomery County Tax Claim Bureau. Any amounts not paid by the Debtors will presumably become the legal responsibility of co-owner Menges, who will be obligated to pay the <u>entire amount due</u> should there be any default by Debtors during the five years of the Plan. See *In re Schmidt*, 215 B.R. 208 (D. Kan. 1997)

4. The Plan is not feasible because it does not take into account the equity in the Subject Property owned by Deborah Collins which would be available to Debtors after five years, all of which should be used to pay creditors as part of the Plan. Upon information and belief, at least $26,000 is now available and probably more money will be available for creditors based upon a possible increase in the value of the Subject Property over five years. Debtor Collins' equity interest should be paid to creditors, including Menges.

5. The Plan is not feasible because it allows as a secured claim only the sum of $41,400 for the $50,000 Judgment and Judgment Lien entered as a consequence of Deborah Collins' assault on her sister Menges. The date of the Entry of Judgment was April 3, 2019. At 6% interest for 30 months, the true amount of the Judgment at the present time is $57,500. Interest on the Judgment should be paid to Menges for all time when the Judgment remains completely or partially unpaid. *In re Haas*, 203 B.R. 573 (E.D. Pa. 1996)

6. The Plan is not feasible because pursuant to 13 U.S.C. § 1325, a Judgment Creditor should not be placed in a worse position in a Chapter 13 than she would be in in a

2

Chapter 7. In this case, the Chapter 13 Plan significantly impairs Menges' one-half ownership interest in the Subject Property. The controlling case law (*In re Dahlgren*, 418 B.R. 852) is that the Subject Property cannot be sold by a debtor in Chapter 13, and similarly, the Subject Property should not be subject to an order that Menges is compelled to own and hold the Subject Property for five years. The Subject Property should not be held hostage by the Debtors for a period of five years contrary to the property rights of Menges.

7. The Plan is not feasible because it accounts for only $1,500 of approximately $7,000 due to the Roboda Homeowners Association. If Debtors fail to make this payment in full, all of it could become due and payable by Creditor Menges as a co-owner.

8. The Plan is not feasible because it does not take into account $15,000 due to the Court appointed Master in Partition, Justin Highlands, Esquire for services rendered in the Montgomery County Partition Case. The fact that Mr. Highlands has not filed a Proof of Claim is irrelevant because in the event he is not paid, he will have the right to sue Creditor Menges for the entire amount claimed.

9. The Plan is not feasible because it proposes that Menges be ultimately responsible for one-half of taxes, HOA charges, insurance, and any maintenance, however no rent is being paid to Creditor Menges to offset this obligation. Stated another way, Debtors should not have it both ways – they should not live rent-free and also obtain a credit for one-half of any taxes, maintenance, HOA fees, and insurance which they might pay over five years. The Debtors should pay Menges one-half of the reasonable rental value of the Subject Property.

10. As permitted by Local Rule 3015-4(b), Menges incorporates by reference all prior Objections to all prior Plans to the extent they are relevant to these proceedings.

11. This is the fourth Plan in this bankruptcy matter. The case has been pending for a period of more than two years. The Plan should be denied and no additional Plans should be permitted.

12. Debtors were specifically ordered to file the Plan by September 17, 2021 and failed to do so. Accordingly, on that basis alone, the pending Plan should be denied.

13. The Plan has not been proposed in good faith in violation of § 1325(a)(3), and Menges incorporates by reference her Motion to Dismiss for Bad Faith Filing.

14. Debtors should be obligated to provide tax returns for 2019 and 2020 and update their earnings, assets, and expenses to demonstrate whether their Plan is feasible.

WHEREFORE, Debtors' Third Amended Chapter 13 Plan should be denied.

Respectfully submitted,

BUTERA, BEAUSANG, COHEN & BRENNAN

By:  */S/William J. Brennan*
William J. Brennan, Esquire
Attorney I.D. No. 23373
630 Freedom Business Center, Suite 108
King of Prussia, PA 19406
(610) 265-0800
wbrennan@buteralaw.com
*Attorney for Jennifer A. Menges*