IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MARIE COLLINS<br>JASON ROBERT COLLINS<br>                Debtors | BANKRUPTCY CASE NO.<br>2019-14224-AMC<br><br>CHAPTER 13 |

## OBJECTION OF CREDITOR JENNIFER A. MENGES TO MOTION TO TRANSFER CASE TO CHAPTER 7

Creditor Jennifer A. Menges ("Menges"), by and through her attorneys, Butera, Beausang, Cohen & Brennan, herein objects to the Motion of Debtors Deborah Marie Collins and Jason Robert Collins to transfer their case from Chapter 13 to Chapter 7 and she respectfully avers the following:

1. Debtors filed an original Chapter 7 bankruptcy on July 2, 2019. The filing followed issuance of a Master's Report in a pending Partition Action in the Court of Common Pleas of Montgomery County (No. 2017-23241) pursuant to which a Master in Partition concluded that certain real estate at 18 Roboda Boulevard, Upper Providence Township, Montgomery County, Pennsylvania jointly owned by Menges and Debtor Deborah Collins (the "Subject Property") should be sold. The purpose of the bankruptcy filing was in large measure to prevent a sale of the Subject Property owned equally by Creditor Menges and her sister Deborah Collins. At the time of the filing of the bankruptcy and throughout the course of the case, disposition of the Subject Property has been the principal issue. At the time of filing, for example, debts of the Debtors to general creditors were approximately $25,000 to $30,000. Debtors' income was also substantial. Debtors have resided in the Subject Property for two years and six months without paying rent or taxes.

2. When it became clear that Debtors were not entitled to Chapter 7 protection and by Order dated October 30, 2019 (Doc 84), the case was converted to a Chapter 13. Thereafter, debtors obstructed and delayed, and filed four separate Chapter 13 Plans, none of which was feasible or acceptable to the Court. In Doc 81 Debtors acknowledged and stated to the Court that there were not proper subjects for a Chapter 7 disposition (Exhibit "A").

3. On December 16, 2021, the Honorable Ashely M. Chan issued an Order granting Menges' Amended and Restated Motion for Relief from the Automatic Stay. Shortly thereafter, Menges contacted the Master in Partition Justin Highlands, Esquire and requested that he sell the Subject Property. A copy of Counsel's letter to Mr. Highlands (without attachments) is attached as Exhibit "B."

4. Later on December 21, 2021, Michael R. McFarlin, Esquire, the attorney for Debtors contacted the Master in Partition and the Real Estate Agent who was involved in attempting to sell the Subject Property in 2019 and stated "the Trustee will be handling the sale, giving Ms. Collins credit for one-half of all payments she made on taxes, HOAs, maintenance, and insurance." A copy of Mr. McFarlin's letter is attached as Exhibit "C."

5. The purpose of Mr. McFarlin's email was to obstruct the Court's Order and prevent the Master from selling the Subject Property as authorized by the Court in granting relief from the stay. The Debtors intend to continue to obstruct and unduly complicate any sale by demanding taxes that they have never paid and costs of maintenance which they have never performed.

6. The twin purposes of Mr. McFarlin's obstruction is to continue to delay the matter so that his clients may continue to reside in the Subject Property without paying rent and without

paying taxes, and to derive the benefit of the Homestead Exemption which would result in less money being available for payment to general creditors.

7. The only reason that Debtors wish to convert to Chapter 7 is to claim the benefit of the Homestead Exemption of $25,150, which would not be available to them in the State Court Partition case. Granting this particular benefit to Debtors does not serve the purpose of protecting general creditors in the bankruptcy proceedings.

8. The initial bankruptcy filing was made in bad faith and continuation of the same for more than two years has been an abuse of the bankruptcy law and practice. Accordingly, the request to transfer the matter back to Chapter 7 for a second time should be denied and the entire case should be dismissed so that the Court of Common Pleas of Montgomery County may dispose of the case consistent with existing Court Orders including the Court Order dated May 15, 2019 stating that, because of her conduct, Deborah Collins should not receive <u>any proceeds</u> from the sale of the Subject Property, see Exhibit "D" attached hereto.

9. Pursuant to Exhibit "D" attached hereto, the Court of Common Pleas of Montgomery County issued an Order directing that Deborah Collins should receive no proceeds from the sale of the Subject Property. Accordingly, if the Court allows the conversion to Chapter 7, the Subject Property should be abandoned by the Trustee.

10. In any event, should the Subject Property be sold by the Trustee at $205,000, which is the amount the Court recognizes as being a fair price, Menges would be entitled to the sum of $102,500 as her one-half share, and approximately $55,000 for a Judgment and interest arising out of an assault by Deborah Collins. Taxes on the Subject Property would need to be paid at closing, and they are in excess of $31,000. HOA charges have accrued unpaid and are believed to be in a sum in excess of $7,500. Transfer taxes would be $4,100. The Master in

Partition Justin Highlands, Esquire, has a judicial lien pursuant to Court Order for counsel fees and costs incurred in the partition process in the amount of approximately $15,000. A copy of the Court's Order stating that Mr. Highlands was to be paid his attorney's fees from the proceeds of the sale is attached hereto as Exhibit "E."

11. After payment of real estate commissions ($12,300) and Trustee's fees, and the Homestead Exemption of $25,150, there is no reasonable likelihood that a sale by the Chapter 7 Trustee would generate *any* income to the estate or any payments for other creditors. Accordingly, in the alternative, if the Court should allow a Chapter 7 disposition, the Chapter 7 Trustee should abandon the Subject Property and allow the Partition proceedings in Montgomery County to continue to fruition.

12. Debtors themselves falsely assert entitlement to reimbursement for taxes and other costs incurred (while never paying any rent). In the unlikely event that Debtors should receive any credit, the possibility of payment to creditors would be further impaired.

13. If Debtors claim a Homestead Exemption of $25,150 and if it should be awarded, the prospect of payment to general creditors would not exist.

WHEREFORE, the Motion to Convert to Chapter 7 should be denied, the case should be dismissed, or the Subject Property should be abandoned.

Respectfully submitted,

BUTERA, BEAUSANG, COHEN & BRENNAN

By: **/S/William J. Brennan**
William J. Brennan, Esquire
Attorney I.D. No. 23373
630 Freedom Business Center, Suite 108
King of Prussia, PA 19406
(610) 265-0800
wbrennan@buteralaw.com
*Attorney for Jennifer A. Menges*

4